UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN S.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-0170 RSM

**ORDER AFFIRMING AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his symptom testimony and the medical opinions of Dr. Widlan and Mr. Harris. Dkt. 9. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 42 years old, has at least a high school education, and has worked as an escort vehicle driver, labor gang supervisor, landscape laborer, and flagger. Admin. Record (AR) 24. On July 14, 2020, Plaintiff applied for benefits, alleging disability as of June 1, 2018. AR 71–72, 90. Plaintiff's application was denied initially and on reconsideration. AR 87, 99. Plaintiff later amended his alleged onset date to July 28, 2020, and Plaintiff's last date insured is March 31, 2022, therefore the relevant period is from July 28, 2020, through March 31, 2022. AR 16,

57.  After the ALJ conducted a hearing on April 5, 2022, the ALJ issued a decision, which included a drug abuse and alcoholism analysis (DAA analysis).  AR 13–39.  The ALJ determined that substance use disorder, which is present in this case, is a contributing factor to a finding of disability.  AR 13–25.  The ALJ also determined that if Plaintiff's substance abuse ceased, as is the case here, Plaintiff would not be found disabled.  AR 25–35, 57.  Plaintiff now seeks judicial review of the ALJ's latter determination.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.      Plaintiff's Testimony**

Plaintiff testified he was addicted to alcohol and drugs, but stated he has been clean and sober since July 28, 2020, his amended alleged onset date.  AR 47, 57.  Plaintiff testified he is unable to work because his anxiety prevents him from being able to prioritize and complete tasks, manage his self-care, and attend his counseling sessions.  AR 58, 60, 64.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ permissibly rejected Plaintiff's testimony based on his overall improvement from treatment since July 2020. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 (2014)) (finding that evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' . . . can undermine a claim of disability."). Plaintiff's mental status examinations continuously showed he had euthymic mood, he was oriented, and his thought process, thought content, insight, and judgment were within normal limits.[1] Plaintiff disputes the ALJ's assessment that his mental status was largely unremarkable because he had "multiple instances of mentally unstable behavior," yet Plaintiff's treatment notes, such as those cited by Plaintiff himself, show his anxious mood and anger were often due to external stressors, including family conflict, the news, or his medical results. *See* Dkt. 9 at 4; AR 693–94, 708–09, 745–47, 769–70, 819–20, 822–23. Further supporting the ALJ's assessment are Plaintiff's own reports that his medications and sessions were overall helpful for his condition. *See* AR 516, 736, 752, 778. Plaintiff also points to a psychological evaluation showing he had difficulties with concentration, yet Plaintiff's other treatment notes state he is able to manage his activities with daily living "independently with no issues," contradicting his statements about his inability to manage even his self-care. *See* AR 796, 799, 802, 805, 808, 811, 817, 835–36, 852. 854–55, 858. Overall, the ALJ's finding that

---

[1] *See* AR 683–84, 693–94, 696, 699, 708, 718, 732, 737, 740, 745–47, 753, 760–62, 769–70, 775, 785–86, 792–93, 795–96, 798–99, 801–02, 804–05, 807–08, 810–11, 813–14, 816–17, 819–20, 822–23, 825–26, 828–29, 831–32, 834–35, 840, 842–43, 850–51, 853–54, 856–57.

Plaintiff's symptoms are not as severe as alleged is supported by the record.  Accordingly, the Court finds the ALJ did not err in rejecting Plaintiff's testimony.

The ALJ also rejected Plaintiff's testimony for other reasons, but by providing at least one valid reason that is supported by substantial evidence, the Court need not assess whether those reasons are erroneous.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**2.    Medical Opinion**

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c).  The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. § 404.1520c(a).  The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 404.1520c(c)(1).  The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 404.1520c(c)(2).  Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

**a.    Dr. Widlan**

Dr. Widlan completed Plaintiff's psychological evaluation in April 2022 by reviewing

Plaintiff's medical record and conducting a clinical interview with Plaintiff.  AR 866–71.  Dr. Widlan opined Plaintiff meets the mental health listings for depressive, bipolar, and related disorders; anxiety and obsessive compulsive disorder; and personality and impulse control disorders.  AR 870–71.

The Court assumes Dr. Widlan is referring to the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Lisitings).  To meet the listings found by Dr. Widlan, a claimant must have evidence showing specific symptoms and evidence that he or she has an extreme limitation in one or marked limitations in two of the following mental functioning areas: including understanding, remembering, applying information, interacting with others, concentrating, persisting or maintain pace; and adapting or managing oneself.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04, 12.06, 12.08.  According to the regulations, a claimant has a marked limitation if his or her mental functioning is "seriously limited" independently, appropriately, effectively, and on a sustained basis, while a claimant has an extreme limitation if he or she is not able to function in these areas at all.  20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d), (e).

Here, the ALJ reasonably pointed out the conclusory nature of Dr. Widlan's finding that Plaintiff had the necessary extreme or marked limitations to satisfy the criteria for Listings 12.04, 12.06, and 12.08.  AR 32, 870–71.  While Dr. Widlan did note Plaintiff's difficulties with concentration, getting along with others, and inattention throughout his evaluation, Dr. Widlan did not elaborate on how these difficulties were considered "marked" or "extreme," as defined under the regulations.  Thus, in rejecting Dr. Widlan's opinion for its lack of supporting evidence, the ALJ did not err.  20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the

medical opinions or prior administrative medical finding(s) will be.")

The ALJ also rejected Dr. Widlan's opinion because it was inconsistent with Plaintiff's record, including Plaintiff's mental status examinations and ability to manage his activities of daily living and mental health symptoms.  AR 33.  In doing so, the ALJ refers to the same evidence cited in the previous section.  As discussed, Plaintiff's record shows he continuously had normal thought process, thought content, and his insight and judgment were within normal limits.  These records undermine the result of Dr. Widlan's mental status examination and his findings regarding Plaintiff "significant deficits in ADLs."  *See* AR 870.  The ALJ, therefore, could reasonably reject Dr. Widlan's opinion based on its inconsistency with Plaintiff's record. 20 C.F.R. § 404.1520c ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").

The ALJ provided other reasons to reject Dr. Widlan's opinion, but by providing at least one valid reason, supported by substantial evidence, the Court need not further assess whether those other reasons are erroneous.  *See Carmickle*, 533 F.3d at 1162.

     **b.**  **Mr. Harris**

Mr. Harris completed a questionnaire prepared by Plaintiff's counsel in July 2021.  AR 788–91.  Mr. Harris indicated Plaintiff had mild to marked limitations in understanding and memory, sustained concentration and persistence, social interaction, and adaptation.  AR 789–91.

The ALJ permissibly rejected Ms. Harris's opinion because it was inconsistent with the results of his own mental status examinations, which show Plaintiff throughout the relevant period was continuously cooperative, oriented and euthymic, with thought processes within

normal limits. *See* AR 32, 683–85, 688–710, 720–29, 740–50, 760–77, 792–36, 842–44, 847–65. The record also shows Plaintiff's symptoms improved with treatment. In October 2020, Mr. Harris noted that part of Plaintiff's recovery plan included being able to manage activities of daily living, as well as his stress and anxiety. AR 695. Treatment notes thereafter show Plaintiff successfully adhered to different schedules for his therapy meetings and sessions, continued to work on his goals, continued to take his medication, and made improvements despite external stressors. *See* AR 697–709, 720–29, 740–50, 760–77, 792–36, 842–44, 847–65. By March 2021 and following, Mr. Harris continuously remarked Plaintiff was able to manage his own activities of daily living with no issues, and manage and monitor his mental health symptoms. AR 796–858. Overall, Plaintiff's normal mental status results and improvement indicate his functioning were not as limited to the extent proposed by Mr. Harris. The ALJ, therefore, could reasonably find Mr. Harris's opinion lacking in supportability and thus did not err in rejecting it. 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.").

      The ALJ provided other reasons to reject Mr. Harris's opinion, but by providing at least one valid reason, supported by substantial evidence, the Court need not further assess whether those other reasons are erroneous. *See Carmickle*, 533 F.3d at 1162.

///

///

///

///

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 10th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE